ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 05 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**GLEN J. LERNER**, an individual,

    Plaintiff,

v.                                     CIVIL ACTION NO.

                                                                        1:17-CV-2029

**FORREST B. JOHNSON**, an individual,
**FORREST B. JOHNSON, ATTORNEY AT LAW, PA**,
a Georgia legal professional corporation, and
**FORREST B. JOHNSON AND ASSOCIATES**,
a Georgia fictitious business and professional entity,

    Defendants,
_____/

## VERIFIED COMPLAINT

### INJUNCTIVE RELIEF SOUGHT

Plaintiff, **GLEN J. LERNER**, an individual, (hereinafter referred to by his name or as "Plaintiff"), by and through his undersigned counsel, hereby files this Verified Complaint against Defendants, **FORREST B. JOHNSON**, an individual, **FORREST B. JOHNSON, ATTORNEY AT LAW, PA**, a Georgia legal professional corporation, and **FORREST B. JOHNSON AND ASSOCIATES**, a Georgia fictitious business and professional entity, (hereinafter referred to by their respective names or collectively referred to as "Defendants"), and alleges, all upon information and belief, the following:

## JURISDICTION

1. This is a Verified Complaint for the various counts and wrongs set forth herein.

2. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338 and the Lanham Act, 15 U.S.C. § 1051 et seq., including §§ 1114, 1116, 1117, 1119 and 1125. This case involves a federal question, complete diversity of citizenship exists and the amount in controversy exceeds, exclusive of interest and costs, the sum of FIVE MILLION DOLLARS ($5,000,000.00).

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(a), in that Defendants intentionally use Plaintiff's registered and valuable trademarks to confuse and mislead clients and prospective clients, continually advertise, solicit and/or conduct business in this District, Plaintiff's claim arises in and a substantial part of the events or omissions giving rise to the claims and the harm and damage to Plaintiff, as complained of hereinafter have occurred here, are occurring here and will occur here if not enjoined by the Court.

## THE PARTIES

4. Plaintiff, **GLEN J. LERNER**, is an individual and licensed attorney with a national reputation and with his principal place of business in Nevada.

5. Defendant, **FORREST B. JOHNSON**, is an individual and licensed attorney with his principal place of business and residence at Atlanta, Georgia.

6. Defendant, **FORREST B. JOHNSON, ATTORNEY AT LAW, PA**, is a Georgia legal professional corporation, and Defendant, **FORREST B. JOHNSON AND**

Page 2

**ASSOCIATES**, is a Georgia fictitious business and professional entity with its principal place of business at Atlanta, Georgia.

7. At all times material to the issues presented herein, Defendant, **FORREST B. JOHNSON,** did business as and/or was the principal of, and/or the alter ego of and/or the active, conscious and dominant force behind the illegal activities of Defendants, **FORREST B. JOHNSON, ATTORNEY AT LAW, PA** and **FORREST B. JOHNSON AND ASSOCIATES**, sufficient for each Defendant to be both individually and collectively liable for the acts of the other.

8. Defendants were at all times and are all presently engaged in the illegal and infringing activities complained of hereinafter.

9. Defendants had regular and systematic contacts with and currently do substantial business within this District and have committed the acts complained of herein in interstate commerce.

10. Defendants have committed the acts complained of herein in this District for their individual gain and profit. As is set forth in detail hereinafter, Defendants have violated Plaintiff's trademarks which are protected by federal and Georgia law, have purposely directed the torts complained of hereinafter into this District, have caused harm to Plaintiff in this District, giving Georgia a substantial interest in the subject matter of this case and thus Defendants are all subject to both the general and specific jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

The previous allegations and the following facts are common to all Counts asserted by Plaintiff hereafter in his Verified Complaint:

11. Plaintiff is a highly successful and respected attorney with a national reputation in the practice of litigation, including but not limited to personal injury, wrongful death, product liability, professional malpractice and many related legal services. He is also one of the largest advertisers of legal services in the United States.

12. Plaintiff's legal services are offered to the public by many and various means and modes in interstate commerce, and his daily advertising nationally reaches clients and potential clients in every state throughout the United States, including but not limited to in Georgia, where he has a strong commercial presence.

13. Since 1991, Plaintiff has succeeded in separating himself from the competition and in demonstrating a unique identity within the legal profession. Plaintiff has accumulated valuable goodwill associated solely with Plaintiff's practice and this has resulted in an ever expanding and national presence, success, unsolicited publicity and great public acceptance growth, referrals from other attorneys, and the regular launching of new locations, including but not limited to in the state of Georgia and particularly within the Atlanta, Georgia geographic area.

14. Plaintiff has already established a well earned reputation in the Atlanta, Georgia geographic area and is likely to enter and is taking real, present, imminent and impending actions to further expand his practice and commercial presence here,

both individually and by associating himself with other attorneys who will be licensing his trademark rights, all as is explained in greater detail hereinafter.

## **PLAINTIFF'S TRADEMARK RIGHTS**

15. Plaintiff's success, enviable reputation and approach to providing the public with high quality legal services have made him a leader, if not the leader, in his field. Plaintiff's success is in large part due to Plaintiff's diligence and hard work, and also due to Plaintiff's creation of and significant financial investments in his portfolio of intellectual property, including trademarks, owned exclusively by Plaintiff, and which are in fact source identifiers, designations of origin and valuable brands and brand identity which distinguish Plaintiff from all others.

16. Among many other trademarks owned by Plaintiff, Plaintiff is the owner of all right, title, and interest in his protected and proprietary trademarks and trademark registrations, which include:

- IN A WRECK NEED A CHECK, U.S. Trademark Registration No. 4824793; and

- IN A WRECK? NEED A CHECK?, U.S. Trademark Registration No. 4446411.

as well as various other marks such as WRECK? CHECK?, among other related marks, all for Plaintiff's services in the field of legal services, personal injury and tort claims, legal counseling and providing information to others on legal services and providing legal services to others via the internet, among many other related

services (hereinafter "Plaintiff's Marks").

17. Plaintiff's Marks have been widely, prominently and continuously advertised and promoted to the public through many and various means and modes, including on the television and via the internet on Plaintiff's website at www.glenlerner.com as shown below:







Page 7





18. Plaintiff's Marks are well known to the relevant consuming public, are fully valid, legally subsisting and enforceable.

19. Plaintiff's services have been widely advertised and extensively offered to the public under Plaintiff's Marks widely throughout the United States and in interstate commerce by Plaintiff since at least as early as 1999, which first use date is long before Defendants' infringing use, as is described herein.

20. Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as symbols of Plaintiff, his quality services and goodwill.

21. Plaintiff has used Plaintiff's Marks to establish a strong connection between Plaintiffs' Marks and the services advertised under the same.

22. Plaintiff enjoys considerable success and an enviable reputation in his profession due in large part to his use of, and rights in, Plaintiff's Marks.

23. Plaintiff openly, prominently and conspicuously uses and promotes his services under Plaintiff's Marks to create and benefit from brand and professional identity and to distinguish his services from those offered by others.

24. Plaintiff has made considerable expenditures to build his brand so successfully. As a result of Plaintiff's many investments of time and money, Plaintiff's Marks have become synonymous with Plaintiff's high quality services, have become well known and the same have resulted in substantial goodwill.

25. By reason of such advertising and promotion, the public has come to recognize Plaintiff's services offered under Plaintiff's Marks as emanating from Plaintiff.

26. Plaintiff enforces his rights in Plaintiff's Marks in order to protect himself and the

public from infringers and in order to preserve what Plaintiff has worked hard to build as a valuable brand and highly successful professional business model.

## ILLEGAL ACTS OF DEFENDANTS

27. Despite Plaintiff's prior use, ownership and registration of Plaintiff's Marks, Defendants use and offer legal services, on a widespread basis, under the identical and/or confusingly similar trademarks, CAR WRECK? GET A CHECK, TRUCK WRECK? GET A CHECK and CAR WRECK GET A CHECK, and various iterations of the same (hereinafter "the Infringing Marks"), including but not limited to in connection with commercial advertising of legal services which is primarily intended to and does target the public, in direct competition with Plaintiff, as is evidenced and set forth below:



28. Despite Plaintiff's prior use, ownership and registration of Plaintiff's Marks, and the actual, prior knowledge of Defendants of Plaintiff's rights, Defendants applied for, and improperly or fraudulently obtained, a federal trademark registration for the confusingly similar mark CAR WRECK GET A CHECK, U.S. Trademark Registration No. 4318769 (hereinafter the "Invalid Registration"), claiming a first use date of 2012, for "*Legal services, namely providing advice, counsel, and representation to individuals who have sustained a personal injury or damage to personal property in a motor vehicle acciden*t".

29. Plaintiff, both personally and by and through his legal counsel, has contacted the named Defendants on numerous occasions to resolve this matter.   Such occasions include the request by Defendant to license the Plaintiff's mark.

30. The use of the Infringing Marks by Defendants violates, among other laws, the Lanham Act, 15 U.S.C. § 1051 et seq., including §§ 1114, 1117, 1119 and 1125.

31. Defendants and Plaintiff are in competition with each other within the exact same profession for services marketed to the exact same or highly similar clients.

32. Defendants have been openly and actively engaged in the unauthorized, infringing, unlicensed, and imitative use of the Infringing Marks on an ongoing basis.

33. Plaintiff has at no time granted to Defendants any permission or license to use or display Plaintiff's Marks.

34. The public offering for sale of competing services under the Infringing Marks by Defendants is and has been without the consent, permission or authority of

Plaintiff, as Defendants do not have any legitimate rights in or licenses to the Infringing Marks.

35. Defendants' conduct harms Plaintiff and Plaintiff's trademark rights and has, and is, causing damage to Plaintiff needlessly.

36. The Infringing Marks have been used by Defendants and offered to the public utilizing this District as a forum for their infringing activities with actual and/or constructive knowledge that neither are genuine nor authorized by Plaintiff.

37. By using the Infringing Marks and offering services under the same, Defendants, on a widespread basis, have misrepresented and/or falsely described to the general public the origin and source of Defendants' services so as to deceive the public and deliberately create the likelihood of consumer confusion.

38. By using the Infringing Marks, and offering services under the same, Defendants have caused and continues to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities as to both the source and sponsorship of Defendants' services.

39. Defendants' services offered under the Infringing Marks, to the extent that they are not the genuine article of Plaintiff and not fully authorized by Plaintiff, are or may be of lesser quality to the services offered by Plaintiff, and the offering thereof has, does, and will continue to damage and dilute the goodwill Plaintiff has developed in connection with offering legitimate, authorized services under Plaintiff's Marks.

40. Defendants traded upon the goodwill that belonged solely to Plaintiff, and have misled and will continue to confuse, deceive and mislead the public in this regard.

41. Defendants have advertised, offered and/or promoted in the state of Georgia and in interstate commerce, the same or highly related services under the Infringing Marks, thus creating the likelihood of confusion, deception, and mistake as to the source, affiliation, connection, or association of Plaintiff's services, or as to the origin, sponsorship, or approval of Defendants' services.

42. The use by Defendants of the Infringing Marks constitutes a knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' services which are offered to the public by Defendants as originating from, or connected with, Plaintiff, and constitutes using false descriptions of fact or misrepresentations in commerce.

43. The imitation, reproduction, and unauthorized use of the Infringing Marks causes irreparable injury to Plaintiff, including injury to his business reputation and dilution of the distinctive quality of Plaintiff's Marks.

44. Defendants' use of the Infringing Marks is likely to, and does, cause Defendants to pass off their services as those of Plaintiff's, all to the detriment of Plaintiff and to the unjust enrichment of Defendants.

45. Defendants' use of the Infringing Marks has caused, does cause, and/or is likely to continue to cause, damage to Plaintiff's valuable reputation and image associated with Plaintiff and his services.

46. Defendants' unlawful activities results in irreparable harm and injury to Plaintiff. Among other harms, it:

    a. deprives Plaintiff of his absolute right to determine the manner in which his services are presented to the general public, including but not limited to the right to determine the scope, manner and expansion of his rights;

    b. damages Plaintiff's valuable and distinctive trademark rights;

    c. deceives the public as to the origin and sponsorship of such services;

    d. deceives the public into believing that Plaintiff and Defendants are affiliated, connected or associated in some manner;

    e. wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in his trademarks; and

    f. deceives the public as to the nature, quality and characteristics of Defendants' services and, to the extent Defendants' services are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation.

47. Among the other relief sought herein, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants, and their principals, officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of the applicable law.

48. Plaintiff is further entitled to recover from Defendants all of the damages available under the applicable law, including but not limited to actual damages, treble damages and/or statutory damages, interest, and attorney fees and costs he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §1051 et seq., §§ 1114, 1116 and 1117)

49. Plaintiff repeats and re-alleges all of the above paragraphs contained in this Complaint as if fully set forth herein.

50. Defendants' acts, as alleged herein, including the extensive use, advertising and displaying of the Infringing Marks, constitute federal trademark infringement, in violation of the various provisions of and relief afforded by 15 U.S.C. § 1051 et seq., §§ 1114, 1116 and 1117.

51. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

52. As a result, Plaintiff has suffered damages with interest.

53. Plaintiff has no adequate, complete remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## FALSE DESIGNATION OF ORIGIN
## FALSE DESCRIPTION OF FACT
## (15 U.S.C. §1051 et seq., § 1125)

54. Plaintiff repeats and re-alleges all of the above paragraphs contained in this Complaint as if fully set forth herein.

55. Defendants' acts, as alleged herein, including the extensive use, advertising and

displaying of the Infringing Marks, constitute federal unfair competition, false designation of origin and false description of fact, all of which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. § 1051 et seq., §1125.

56. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

57. As a result, Plaintiff has suffered damages with interest.

58. Plaintiff has no adequate, complete remedy at law.

### COUNT III
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIRCOMPETITION

59. Plaintiff repeats and re-alleges all of the above paragraphs contained in this Complaint as if fully set forth herein.

60. Defendants' acts, as alleged herein, including the extensive use, advertising and displaying of the Infringing Marks, constitute common law trademark infringement and unfair competition, both of which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of Georgia common law.

61. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

62. As a result, Plaintiff has suffered damages with interest.

63. Plaintiff has no adequate, complete remedy at law.

## COUNT IV
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4318769
## (15 U.S.C. §1051 et seq., § 1119)

64. Plaintiff repeats and re-alleges all of the above paragraphs contained in this Complaint as if fully set forth herein.

65. One or more of the Defendants claim ownership of the Invalid Registration, U.S. Trademark Registration No. 4318769.

66. In connection with one or more of Defendants' application to register the Accused Registration with United States Patent and Trademark Office (hereinafter the "USPTO"), on or about April 30, 2012, it was stated under oath by Defendants or by a duly authorized representative of Defendants in a Declaration as follows:

> *The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.*

67. As is set forth above, the representations contained in the above Declaration were material but untrue and/or fraudulently made, and as a result the Invalid

Registration was issued by mistake and in error by the USPTO.

68. The Invalid Registration Defendants' acts, as alleged hereinabove, is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation and have caused irreparable injury and damage to Plaintiff and unless and until the Accused Registration is cancelled, will continue to do so.

69. Pursuant to the Lanham Act the Court has jurisdiction to order the USPTO to cancel and remove the Accused Registration from the Federal Register.

70. Plaintiff has demonstrated good cause for and is entitled to the cancellation of the Accused Registration and removal from the Federal Register or, in the alternative and at the election of Plaintiff, an order directing the transfer of all right, title and interest in and to the Accused Registration to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants on all of the above Counts, and on each and every claim for relief set forth above and award it full relief including, but not limited to, the following:

    a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

        i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his services, or commercial activities, or causing injury to his business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

      ii.      from directly or indirectly falsely designating or representing that services are authorized, approved, associated with, or originating from, Plaintiff;

      iii.      from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, in any language, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

      iv.      from utilizing the Infringing Marks or any confusingly similar variants in any shape or manner;

      v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any visual displays, literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variants, and from otherwise unfairly competing in any way with Plaintiff;

      vi.      to deliver up to Plaintiff for destruction, at his option, all literature, advertisements, business forms, billboards, displays, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the Infringing Marks or any confusingly similar variants;

      vii.      to notify their clients, prospective clients, agents, and representatives that the Infringing Marks or any confusingly similar variants are not connected with Plaintiff;

      viii.      to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.      an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff, in an amount to be determined, including statutory, enhanced or treble damages;

d. an Order requiring Defendants to disseminate pre-approved corrective advertising to all clients, prospective clients, agents and representatives to address the likelihood of confusion caused by Defendants' acts;

e. an Order directing the cancellation, removal, forfeiture and/or transfer of any and all claimed rights to the Infringing Marks and the Accused Registration to Plaintiff;

f. an award of attorneys fees and costs as allowed by law;

g. and such other interlocutory and permanent relief as this Court may deem just and proper.

Respectfully submitted,

/s/ SETH A. BADER
SETH A. BADER
TRIAL COUNSEL FOR PLAINTIFF
Georgia Bar. No. 030767
BADER LAW FIRM, LLC
3384 Peachtree Road NE, Suite 500
Atlanta, Georgia 30326
Telephone: 404-888-8888
Facsimile: 404-917-9173
Email: seth@thebaderlawfirm.com